IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SPEARPOINT LOGISTICS, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| LANDSTAR RANGER, INC. | § | |
| | § | |
| Defendant. | § | |

# COMPLAINT

Plaintiff Spearpoint Logistics, LLC ("Spearpoint") sues Defendant Landstar Ranger, Inc. for loss and damage resulting from Defendant's failure to deliver an interstate shipment accepted for transport. Spearpoint asserts a primary claim under the Carmack Amendment, 49 U.S.C. § 14706, and alternatively pleads breach of contract, misrepresentation, and violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41, et. seq., pursuant to Federal Rule of Civil Procedure 8(d)(2).

## I.  Parties and Service

1. Spearpoint is a Texas limited liability company with its principal place of business in Fort Worth, Texas.

2. Defendant Landstar Ranger, Inc. is a Delaware corporation with its principal place of business in Jacksonville, Florida. Defendant may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

## II.   Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 because of the federal questions presented and under 49 U.S.C. § 14706(d) because this action arises under the Carmack Amendment.

4. Venue is proper under 49 U.S.C. § 14706(d)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim, including the shipment's point of origin, occurred in this district.

## III.   Factual Background

### A.   Acceptance and Control

5. On April 4, 2025, Spearpoint tendered a shipment of high-value alcoholic beverage products—specifically, cases of Jose Cuervo tequila ("Shipment SP #6641)—to Defendant for transport from Fort Worth, Texas to Proximo Distillers LLC in Hebron, Kentucky. Delivery was scheduled for April 7. 2025.

6. Spearpoint's load tender included complete shipment specifications, including pickup and delivery locations, dates, and times; equipment requirements; the container number; purchase order and load numbers; agreed freight rate; and operational directives, including alcohol permit compliance and driver check-in and check-out procedures.

7. Defendant confirmed receipt and acceptance of the load tender via email, expressly agreeing to transport Shipment SP #6641 in accordance with the terms specified by Spearpoint. Defendant did not object to or propose any modification of the material terms. Defendant's acceptance constituted a binding

contract of carriage, pursuant to which Defendant assumed full responsibility for Shipment SP #6641 from pickup through final delivery.

8. Between April 4 and April 7, 2025—the scheduled delivery date—Defendant continued to communicate directly with Spearpoint providing status updates, Shipment SP #6641's location, relaying communications from the driver, and representing that the shipment was en route for delivery.

**B.    Loss and Release of Liability**

9. Notwithstanding Defendant's assurances, Shipment SP #6641 was never delivered to the intended consignee in Hebron, Kentucky.

10. Spearpoint incurred a total loss of the cargo, valued at $101,183.52, and promptly submitted a written claim to Defendant in accordance with 49 C.F.R. § 370.3.

11. In response, Defendant, acknowledging liability, sent Spearpoint a document titled "Cargo Liability Release, Indemnity and Assignment Agreement (the "Release Agreement"). The Release Agreement conditioned payment of $76,750.00—less than the full invoiced value—on Spearpoint's execution of a broad release of all claims against Defendant and its affiliates, including any claims under 49 U.S.C. § 14706, and further required Spearpoint to indemnify Defendant against any third-party claims arising from or relating to Shipment SP #6641.

12. Spearpoint did not execute the Release Agreement and objected to any purported limitation of liability or release of claims.

## C. Concealed Delegation

13. On information and belief, and unbeknownst to Spearpoint, Defendant re-brokered Shipment SP #6641 to a third-party motor carrier to pick up. This re-brokering occurred without Spearpoint's knowledge or consent and violated Defendant's assumed obligations as the contracted carrier. At no point—either at acceptance, prior to pickup, or prior to delivery—did Defendant disclose its intent to delegate transportation duties. Spearpoint relied exclusively on Defendant's coordination and assurances.

14. Defendant's undisclosed delegation constituted a material misrepresentation and concealment of fact. Defendant knowingly accepted Shipment SP #6641 and affirmatively represented that it would perform the transportation services directly, while concealing its intent to outsource those obligations to a third-party carrier. Spearpoint reasonably relied on Defendant's representations and would not have done so had Defendant disclosed its true intentions. Defendant's conduct constitutes actionable fraud under Texas law and falls outside the scope of preemption under the Carmack preemption.

### IV. Cause of Action I — Violation of the Carmack Amendment (49 U.S.C. § 14706—Interstate Cargo Loss)

15. Defendant is liable as a receiving carrier or constructive carrier under the Carmack Amendment, 49 U.S.C. § 14706, which imposes strict liability for the actual loss or damage to goods transported in interstate commerce.

16. Defendant is a licensed motor carrier, authorized by the Federal Motor Carrier Safety Administration under MC Number 166960 and USDOT Number 241572, with operating authority to provide interstate transportation services.

17. Spearpoint tendered Shipment SP #6641 in good condition for interstate transport.

18. Defendant accepted the shipment, coordinated driver dispatch, responded to tracking inquiries, and held itself out as the carrier. By exercising control over the shipment, Defendant incurred liability regardless of physical transport.

19. Defendant failed to deliver Shipment SP #6641 or pay the full value of the loss. Spearpoint seeks recovery of the full invoice amount under Carmack.

## V.   Cause of Action II – Breach of Contract

20. A valid and enforceable contract for transportation services was formed upon Defendant's acceptance of the load tender without modification.

21. Defendant materially breached that contract by failing to deliver Shipment SP #6641 and by re-brokering the shipment to a third-party carrier without Spearpoint's knowledge or consent.

22. As a direct and proximate result of these breaches, Spearpoint incurred economic harm, including loss of cargo, freight expenses, administrative costs, and attorneys' fees.

## VI.     Cause of Action III – Intentional Misrepresentation

23.     Defendant knowingly and intentionally made material, false representations to Spearpoint concerning its intent to perform the shipment and concealed its delegation of duties.

24.     Defendant's intentional misrepresentations regarding its role in the transportation of goods were not incidental to the transportation of goods, but rather were independent fraudulent acts designed to induce Spearpoint's reliance and secure the shipment under false pretenses. Such conduct is actionable under Texas common law and is not preempted by the Carmack Amendment, which does not shield carriers from liability for intentional torts or fraudulent inducement.

25.     Defendant intentionally made the misrepresentations with the intent that Spearpoint rely on them.

26.     Spearpoint reasonably relied on Defendant's misrepresentations and would not have done so had it known Defendant's intent to delegate performance.

27.     As a direct and proximate result, Spearpoint suffered actual damages, including the full invoice value of Shipment SP #6631 and related damages.

## VII.    Cause of Action IV – Violation of Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41, et seq.

28.     Spearpoint is a "consumer" under Texas Business and Commerce Code § 17.45(4), as it sought transportation services from Defendant.

29.     Defendant engaged in false, misleading, and/or deceptive acts and practices in violation of Texas Business and Commerce Code § 17.46(b), including but not limited to:

      a.    representing that services had characteristics, uses, or benefits which they did not have;

      b.    failing to disclose information known at the time of the transaction to induce Spearpoint's reliance; and

      c.    passing off transportation services as its own when they were performed by a third-party carrier.

30. Spearpoint relied on Defendant's conduct to its detriment.

31. Defendant's conduct was a producing cause of Spearpoint's damages.

## VIII.  Prayer for Relief

WHEREFORE, Plaintiff Spearpoint Logistics, LLC respectfully requests that Defendant be cited to appear and answer, that the Court enter judgment in its favor and against Defendant Landstar Ranger, Inc., and award the following relief:

a. Actual damages in an amount not less than $101,183.52, representing the full invoice value of lost Shipment SP #6641;

b. Inbound freight charges directly related to Shipment SP #6641 in the amount of $3,003.00;

c. Transloading fees directly related to Shipment SP #6641 in the amount of $475.00;

d. Incidental and administrative expenses;

e. Prejudgment and postjudgment interest as provided by law;

f. Reasonable attorneys' fees and court costs under Tex. Civ. Prac. & Rem. Code 38.001 and Tex. Bus. & Com. Code § 17.50(d);

g. Exemplary damages;

    h.       Treble damages under the Tex. Bus. Code § 17.50(b)(1) and (2) for knowing and intentional conduct; and

    i.       Such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

/s/ *Wayne L. Robbins, Jr.*  
Wayne L. Robbins, Jr.  
Texas Bar No. 24040356  
Lauren M. Lockett  
Texas Bar No. 24013886  
Robbins Travis, PLLC  
2485 E. Southlake Blvd., Suite 160  
Southlake, TX 76092  
(817) 918-2300 Telephone  
(817) 458-0414 Fax  
WLR@RobbinsTravis.com  
LML@RobbinsTravis.com  

**COUNSEL FOR PLAINTIFF SPEARPOINT LOGISTICS, LLC**